IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | NO. CR-14-00158-001-HE |
| vs. | ) | NO. CIV-16-0082-HE |
| | ) | NO. CR-14-00257-001-HE |
| TAWNY BRYCE SAVAGE, | ) | NO. CIV-16-0260-HE |
| | ) | |
| Defendant. | ) | |

### ORDER

Defendant Tawny Bryce Savage ("Savage") has filed motions to vacate, set aside, or correct her sentences under 28 U.S.C. § 2255. In 2014, Savage was convicted of three criminal charges in two cases. In Case No. CR-14-158, she was convicted of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1). In Case No. 14-0257, she was convicted of theft of government funds, in violation of 18 U.S.C. § 641. Both convictions were based on guilty pleas. Both pleas were pursuant to plea agreements in which Savage waived her right to appeal or to collaterally challenge the convictions or sentences. The waiver provisions specifically reference motions pursuant to 28 U.S.C. § 2255.

Ms. Savage commenced a direct appeal but later withdrew it after the government moved to enforce the appeal waiver. In response to her current motions, the government has similarly moved to enforce the waiver of collateral challenge rights in the plea agreements.

A claim brought by collateral challenge is subject to a waiver if (1) the claim is within

the scope of the waiver, (2) the defendant knowingly and voluntarily waived her rights to collateral challenge, and (3) enforcing the waiver would not result in a miscarriage of justice. U.S. v. Viera, 674 F.3d 1214, 1217 (10th Cir. 2012).

Plaintiff's motions allege ineffective assistance of trial and appellate counsel as to a broad range of events ranging from the investigation stage of the case to sentencing and appeal proceedings. The claims are plainly within the scope of the waivers. Ineffective assistance of counsel claims which challenge the validity of the plea or of the waiver, however, are not subject to waiver. U.S. v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). Here, Savage claims she did not understand the elements of the charges against her or the consequences of waiving her rights of appeal or collateral challenge because her counsel did not explain those things to her. She asserts her counsel did not advise her about conditional pleas, nolo contendere pleas, or guilty pleas at to some charges but not others.

The government has submitted an affidavit from defendant's trial counsel which directly contradicts defendant's allegations. While that affidavit is not dispositive of the issue, it is clear from the proceedings on the record that the claims of confusion or lack of knowledge which defendant now asserts, allegedly due to her counsel's ineffective performance, are not supported. Defendant's suggestion that she did not understand the elements of the offenses or the nature of appeal waiver is flatly contradicted by the record. The plea agreements which defendant signed recite that they were entered into freely and voluntarily. They identify the elements of the offenses to which she was pleading. They

explicitly describe the nature of the appeal and collateral challenge waivers involved, including, as noted above, specific reference to § 2255 motions as being within the scope of the waiver.

The court's plea colloquy with defendant confirmed that the defendant understood the nature of the charges against her and that she was pleading, and entering into the plea agreements, knowingly and voluntarily. The nature and consequences of a guilty plea and the nature of the appeal/collateral challenge waiver was explained to her and she confirmed her understanding of them. The court specifically explained that defendant was giving up her right to collaterally challenge her convictions and sentences in certain circumstances,[1] and she confirmed she understood that. She was questioned as to the factual basis for her pleas, confirmed that she committed acts satisfying the elements of the charges, and that she did, in fact, commit the offenses she was charged with. Defendant further indicated that she was aware of and understood the waivers of her rights to appeal or collaterally challenge her conviction or sentence.

To the extent that plaintiff relies on her counsel's failure to advise her about conditional or *nolo* pleas, there is no basis suggested for concluding that such pleas would have been available here nor is there any apparent basis for concluding that the absence of a discussion of such pleas with her counsel somehow rendered involuntary or unknowing the

---

[1]*Under the plea agreements, appeal and collateral challenge rights are waived so long as the court sentences the defendant within or below the guideline range calculated under the Sentencing Guidelines. Defendant's sentences were within the guideline range and she does not appear to challenge that fact.*

3

guilty plea she did enter.

In short, there is no persuasive basis suggested here for concluding defendant's counsel's performance rendered her pleas of guilty or her agreements to waive her collateral challenge rights unknowing or involuntary. Further, defendant has not shown that enforcing the waiver would result in a miscarriage of justice. See Viera, 674 F.3d at 1219 (detailing the limited situations in which a miscarriage of justice occurs). Defendant's waivers of her right to bring a collateral challenge via a § 2255 motion will therefore be enforced.

Defendant's motions for relief under 28 U.S.C. § 2255 [Doc. Nos. 69 & 71 in Case No. 14-158 and Nos. 32 & 34 in Case No. 14-257] are therefore **DENIED**. A certificate of appealability is also **DENIED**, as the court concludes jurists of reason would not find it debatable whether the motion states a valid claim of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated this 16th day of December, 2016.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE